Filed 6/4/24  P. v. Murillo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESUS MURILLO,<br><br>    Defendant and Appellant. | G062561<br><br>(Super. Ct. No. 99CF2873)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jesus Murillo filed a petition for resentencing pursuant to Penal Code section 1172.6.[1]  The trial court denied the petition at the prima facie hearing. Appointed counsel for Murillo filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case.  Citing *Delgadillo*, counsel asked this court to conduct an independent review of the entire record.  Murillo submitted a supplemental brief on his own behalf.

Exercising our discretion under *Delgadillo*, we have examined the entire record as well as Murillo's supplemental brief and find no reasonably arguable issue. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)  We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2000, Murillo was convicted after jury trial of premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a); count 1) and attempted voluntary manslaughter (§§ 192, subd. (a), 664; count 2).  The jury found Murillo had caused great bodily injury by personally discharging a firearm during the commission of the attempted murder (§ 12022.53, subd. (d)).  In committing the attempted voluntary manslaughter, the jury also found Murillo had personally used a handgun (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7).

The trial court sentenced Murillo to a prison term of life with the possibility of parole plus a consecutive term of 25 years to life.  On direct appeal to this court, the judgment was affirmed with orders to modify Murillo's concurrent sentence as to count 2. (*People v. Murillo* (Oct. 15, 2002, G028301) [nonpub. opn.].)

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  Although Murillo filed his petition after this renumbering, his petition references the former section 1170.95.  We will treat the petition as a request pursuant to section 1172.6.  All further statutory references are to the Penal Code.

In December 2022, Murillo filed a petition for resentencing pursuant to section 1172.6.[2] Counsel was appointed at his request. The People filed a response to Murillo's petition, arguing it should be denied at the prima facie hearing. Murillo's counsel filed a brief in support of the petition.

In April 2023, the trial court conducted a prima facie hearing indicating it had reviewed the parties' briefs. Relying "solely upon the jury instructions and verdict forms," the trial court denied Murillo's petition. The trial court explained in its written statement of decision: "The only theory of guilt upon which the jury was instructed required a finding of a 'specific intent to kill' on the part of the petitioner. The jury was also instructed regarding 'Unjoined Perpetrator' (CALJIC 2.11.5) and 'Principals Defined' (CALJIC 3.00). Those instructions, however, in no way detract from the conclusion that the jury was instructed in such a way that the convictions derived from which required a finding of a specific intent to kill. The instructions given to the jury included no vicarious theory of guilt. Therefore, [Murillo] was convicted under a still-viable definition of Attempted Murder."

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.) A

---

[2] Murillo sought resentencing only as to his attempted murder conviction in count 1.

3

subsequent amendment to former section 1170.95 extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine or manslaughter. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2; Senate Bill 775.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon petitioner's request. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (*Id.*, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.) Instructions given to the jury at a petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.)

Here, the trial court reviewed the record of conviction, particularly noting the jury instructions and verdict forms. We agree with the trial court in finding Murillo has not made a prima facie showing for relief under section 1172.6. The jury was only instructed on the law defining attempted murder, attempted voluntary manslaughter, deliberation and premeditation, and the related personal use firearm enhancements. The jury was not instructed on any theory of liability requiring malice to be imputed to Murillo based solely on his participation in the offense. Since the record of conviction established Murillo was not convicted under a vicarious liability theory, relief was properly denied by the trial court.

4

In his supplemental brief, Murillo argues the sentencing court failed to apply the heat of passion defense to the attempted murder conviction. He asks this court to review the transcript of his original sentencing hearing. He argues a single statement by the judge—that she "'did not want to give [Murillo] a life sentence, because . . . this was a crime of passion'"—is sufficient to invoke the defense and resentencing is then required. But the record before us does not contain such a statement and, even if it were in the record, the original sentencing judge's comment on what sentence was appropriate is irrelevant in a review of Murillo's resentencing petition under section 1172.6.[3]

Finally, Murillo argues we should exercise our discretion under section 1385, as authorized under section 12022.53, subdivision (h), to strike or dismiss his section 12022.53, subdivision (d) enhancement. We cannot do so. While Murillo is correct in noting the authority may be applicable in any instance of resentencing, any discussion of it here is immaterial. This discretion is only to be exercised by the sentencing court if the resentencing "may occur pursuant to any other law." (§ 12022.53 subd. (h)). Because Murillo was found ineligible for resentencing, no opportunity arose for the sentencing court to consider striking or dismissing this enhancement.

After independently reviewing the entire appellate record, we find no arguable issue.

---

[3] Murillo's additional arguments regarding resentencing based on Assembly Bill Nos. 518 and 333, and on the grounds of prosecutorial misconduct are also claims that cannot be resolved on the present record.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


                                MOTOIKE, ACTING P.J.

WE CONCUR:


DELANEY, J.


GOODING, J.